UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61038-CIV-MARRA

VANTAGE VIEW, INC.,

Plaintiff,

vs.

QBE INSURANCE CORPORATION,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant QBE Insurance Corporation's ("Defendant") Motion in Limine to Exclude Testimony of Lee E. Branscome, or alternatively, Defendant's Motion for a Daubert Hearing (DE 53), filed August 21, 2008. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Defendant moves to preclude the testimony of Plaintiff Vantage View, Inc.'s ("Plaintiff") expert Dr. Lee E. Branscome. Defendant states that Plaintiff did not provide Dr. Branscome's report until "shortly before" his deposition. The report discusses various wind speeds and path of the wind in general surrounding the Vantage View property and at the property itself but does not render an opinion as to the level of damage that can be expected from a given windspeed or that Vantage View suffered any level of damage due to Hurricane Wilma. In addition, the report does not refer to the Fujita Scale. (Mot. at 2.) Defendant states that it was not prepared to depose Dr. Branscome on the issue of damages and/or the application of the Fujita Scale. Furthermore, Defendant states that it did not retain an expert to address those issues. According to Defendant,

at Dr. Branscome's deposition, Dr. Branscome testified that was "intending to render an opinion as to what kinds of damage could have been expected given the measured wind speeds" and would do so by relying on the "Enhanced Fujita Scale." (Mot. at 3.)

Plaintiff does not dispute that it did not timely disclose Dr. Branscome's testimony with respect to the Fujita Scale prior to his deposition. Instead, Plaintiff explains that new counsel had to give the expert disclosure early in its representation in order to comply with the Court's deadline and new counsel did not know what Dr. Branscome's opinions were at the time new counsel prepared the disclosure. (Resp. at 2.) Plaintiff does point out that Defendant was familiar with Dr. Branscome's testimony based on his testimony in a prior case. Thus, according to Plaintiff, Defendant is not prejudiced by the failure of Dr. Branscome to reference the Fajita scale in his report. (Resp. at 2-3.) Finally, Plaintiff states that Dr. Branscome did not render any opinions at his deposition to the effect that Vantage View suffered any level of damage as a result of Hurricane Wilma. (Resp. at 2 n.1.)

Rule 27(a)(2)(B) requires that with respect to an expert witness, it is necessary to provide a report which contains "a complete statement of all opinions the witness will express and the basis and reasons them." Failure to comply with this rule may result in sanctions, including preclusion of testimony at trial, unless the failure was substantially justified or harmless. Fed.R.Civ.P. 37(c)(1).

Here, the failure to disclose the testimony at issue is not harmless or substantially justified. The disclosure was not simply late. Defendant was not made aware of this testimony until the actual deposition. Furthermore, had Defendant known to expect this testimony, it could have sought an expert to rebut Dr. Branscome's testimony. Given the issues to be litigated at

trial, this testimony is highly relevant and it would be prejudicial to Defendant to admit the testimony despite Plaintiff's failure to comply with the expert witness deadlines. Moreover, the retention of new counsel does not rise to the level of substantial justification for failure to comply with court deadlines.[1]  See Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1348-49 (11th Cir. 2004) (district courts have wide latitude to exclude untimely expert reports); Jack v. Glaxo Wellcome, Inc., 239 F. Supp. 2d 1308, 1318-19 (N.D. Ga. 2002) (expert opinion would be excluded for failure of the plaintiff to comply with Rule 26 by not notifying the defendant of its intention to offer an expert and provide an expert report).  Lastly, the Court rejects Plaintiff's claim that Defendant had notice of Dr. Branscome's testimony based on his testimony in a prior case.  Simply put, testimony in a prior case is irrelevant to the case at hand.

Thus, because of the prejudice to Defendant stemming from the late disclosure, the Court concludes that the following testimony of Dr. Branscome will not be allowed at trial: (1) the level of damage that could be expected given the measured wind speeds; (2) the level of damage that Vantage View suffered due to Hurricane Wilma and (3) the Fujita Scale/the Enhanced Fujita Scale.  However, Dr. Branscome may testify as to wind speed and path because the delay in receiving the report did not prejudice Defendant as to that testimony.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant QBE Insurance

---

[1] The Court notes that Plaintiff made a similar argument, which the Court rejected, in moving to modify the scheduling order.  (DE 52.)  Retention of new counsel does not justify lack of diligence with respect to court ordered deadlines.  See, e.g., Buchanan County, Virginia v. Blankenship, 545 F. Supp. 2d 553, 555 n.2 (W.D. Va. 2008) (new counsel is an insufficient reason for ignoring the scheduling order deadlines or modifying the scheduling order deadlines); Thornton v. Collier, No. 05-cv-01103-WYD-BNB, 2007 WL 2491848, at * 3 (D. Colo. Aug. 29, 2007) (not allowing the late filing of a summary judgment motion simply because new counsel disagrees with a prior decision not to file the motion).

Corporation's Motion in Limine to Exclude Testimony of Lee E. Branscome, or alternatively, Defendant's Motion for a Daubert Hearing (DE 53) is **GRANTED** consistent with the directives set forth in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of September, 2008.

_____
KENNETH A. MARRA
United States District Judge