UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61038-CIV-MARRA

VANTAGE VIEW, INC.,

Plaintiff,

vs.

QBE INSURANCE CORPORATION,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant QBE Insurance Corporation's Motion for New Trial on Liability, Motion for Judgment Notwithstanding the Verdict (DE 123) and Motion to Alter or Amend Judgment (DE 124). The Motion for New Trial on Liability, Motion for Judgment Notwithstanding the Verdict is fully briefed and ripe for review. Plaintiff did not file an opposition to the Motion to Alter or Amend Judgment. The Court has carefully considered the motions and is otherwise fully advised in the premises.

Defendant QBE Insurance Corporation ("Defendant") moves for a new trial on liability and argues that "the jury was not provided the opportunity to consider evidence of special board meeting minutes dated January 22, 2008." (Mot. at 3.)

Rule 59 of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R.Civ. P. 59(a). "Courts

do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial ." Del Rio Dist. v. Adolph Coors Co., 589 F.2d 176, 179 n.3 (5th Cir. 1979)[1] quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2803 (1973 and 1991 supp.); see also Shaps v. Provident Life & Accident Ins. Co., 244 F.3d 876, 885 (11th Cir. 2001) ( "a new trial may be ordered only when the interests of substantial justice are at stake.")  The motion may be granted when the "verdict is against the clear weight of the evidence, when the damages are excessive, or when the court determines the trial was not fair." Hall v. Norfolk Southern Railway Co., 829 F. Supp. 1571, 1579 (N.D. Ga. 1993) citing National Car Rental System v. Better Monkey Grip Co., 511 F.2d 724 (5th Cir. 1975).  After careful consideration and for the reasons stated in the record, the Court concludes that it did not err in excluding the January 22, 2008 special board meeting minutes.

    Next, Defendant claims that it is entitled to Judgment as a Matter of Law due to the lack of evidence to support the jury's award in the amount of $910,500.00 for the cost to repair and replace windows, sliding glass doors and exterior doors. Defendant contends that there was no evidence before the jury that Plaintiff completed any repairs or replacement, thereby making the verdict unsupportable.

    Under Rule 50(b) of the Federal Rules of Civil Procedure, "a party may renew its motion for judgment as a matter of law after the jury has returned its verdict, if there is no legally

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

sufficient evidentiary basis for a reasonable jury to find for the non-moving party." Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1251-52 (11th Cir. 2007); Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192 (11th Cir. 2004). Judgment as a matter of law is appropriate on a particular portion of a jury award when there is a lack of record evidence supporting that award. Collado v. UPS, 419 F.3d 1143, 1149 (11th Cir. 2005).

Defendant relies on the policy language to support its position. That provision states:

d. We will not pay on a replacement cost basis for any loss or damage:

(1) Until the lost or damaged property is actually repaired or replaced; and
(2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

Defendant's interpretation of this provision rests upon two cases; namely, Ceballo v. Citizens Prop. Ins. Corp., 967 So. 2d 811 (Fla. 2007) and State Farm Fire & Cas. Co. v. Patrick, 647 So. 2d 983 (Fla. Dist. Ct. App. 1994). According to Defendant, these cases demonstrate that it is not liable to Plaintiff for replacement cost unless and until Plaintiff completed the repairs or replacement. The Court has reviewed these cases and finds that they are inapposite.

In Ceballo, plaintiffs sustained a total loss of their home due to a fire. Ceballo, 967 So. 2d at 812. The insurer paid the face value of the policy as required under Florida's Valued Property Law. Id. at 812-13. Valued Property Law is a doctrine that comes into play once an insured sustains a total loss to a home. Under that circumstance, an insurer must tender the policy limits regardless of whether the insurer could rebuild the home for less. Id. at 814. This doctrine provides homeowners and insurers with "clarity and predictability." Id. at 813. Even though the insurer in Ceballo paid the policy limit, the plaintiffs sought additional funds under supplemental ordinance and law coverage. Id. at 812. That provision provided that the insured

3

could "use up to twenty-five percent [ ] of the limit of liability . . . for the increase[d] costs . . . incur[red] due to the enforcement of any ordinance or law which requires or regulates" various types of construction, demolition, remodeling, renovation or repair. Id. at 812.  The parties disagreed on whether the plaintiffs were required to demonstrate a specific loss beyond the loss of the home to recover under the supplemental coverage. Id. at 813.  Ceballo held that with respect to supplemental coverage, the plaintiffs must show they incurred an actual loss to recover. Id. at 815.  In so holding, Ceballo noted that "an insurance company's liability for replacement cost does not arise until the repair or replacement has been completed." Id.

Similarly, State Farm Fire and Casualty Co. v. Patrick, 647 So. 2d 983 (Fla. Dist. Ct. App. 1994) involved a homeowner with a replacement cost insurance policy which provided that the insurer would not "pay for any loss on a replacement cost basis until the lost or damaged property is actually repaired or replaced." Id. at 983-84.  The insurer estimated the cost of repair at $14,207.28, forwarded the plaintiff $11,102.87 and withheld the remainder. Id. at 983.  The plaintiff made the repairs, which totaled $11,034.86, and sued for the withheld funds. Id.  Patrick held that the insurer was only liable for the actual cost of repair and stated that "an insurance company's liability for replacement cost does not arise until the repair or replacement has been completed." Id.

Significantly, both Ceballo and Patrick address the situation wherein the insurer had already paid and advanced significant funds to cover the insured's loss.  By doing so, the insureds in these cases were in a position to make the necessary repairs to their property.  The Ceballo plaintiffs received proceeds in the full amount of the policy limit.  Thus, to justify additional money, they needed to demonstrate an actual loss.  In Patrick, the plaintiff received the funds

4

needed to repair the damage and did so.  The claim for additional funds was denied not because the repairs had not been completed, but because awarding the plaintiff additional funds would have resulted in a windfall.  The insured received sufficient funds from the insurer to complete the needed repairs. However, the facts of the instant case are markedly different.

Here, the jury found that Defendant breached the insurance contract by failing to pay Plaintiff for the damages it sustained.  The jury also found that Plaintiff sustained $910,500.00 of replacement cost damage.  Despite that damage, Defendant failed to provide Plaintiff any funds to allow it to make repairs.  By so doing, Defendant frustrated Plaintiff's efforts to make any repairs and prevented Plaintiff's compliance with the replacement cost provision in the policy.  See e.g., State Farm Fire & Casualty Ins. Co. v. Miceli, 518 N.E.2d 357, 362 (Ill. App.  Ct. 1987) (when insurer made compliance with a condition precedent impossible by failing to provide any funds, the insureds were not prevented from recovery of replacement cost); Bailey v.  Farmers Union Cooperative Ins. Co. of Nebraska, 498 N.W.2d 591, 598-99 (Neb. Ct. App. 1992) (awarding replacement cost coverage despite the plaintiff's failure to comply with the policy condition to rebuild when the plaintiff did not have funds to rebuild); McCahill v. Commercial Union Insurance Co., 446 N.W.2d 579, 585 (Mich. Ct. App. 1989)) (awarding recovery for replacement costs because the failure of the insurer to advance funds meant there was "little likelihood of being able to secure financing to repair or replace" property).   Florida law is clear that "a party, who, by his own acts, prevents performance of a contract provision cannot take advantage of his own wrong." North Am. Van Lines .v Collyer, 616 So. 2d 177, 179 (Fla. Dist. Ct. 1993); see Paparone v. Lake Placid Holding Co., 438 So. 2d 155, 157 (Fla. Dist. Ct. App. 1983); Ward v. Branch, 429 So. 2d 71, 74 (Fla. Dist. Ct. App. 1983); see also Restatement (Second) of Contracts

§ 245 ("Where a party's breach by non-performance contributes materially to the non-occurrence of a condition of one of his duties, the non-occurrence is excused").  Indeed, any other outcome would result in an insurer "profit[ing] from its own breach of the agreement." Zaitchick v. American Motorists Ins. Co., 554 F. Supp. 209, 216 (S.D.N.Y. 1982) (quoting and incorporating the insured's argument that the insurer's conduct made it impossible for the insured to fulfill the condition precedent).

This conclusion is buttressed by the language of the policy.  Specifically, the policy provides that replacement cost value will not be paid unless the repairs are made "as soon as reasonably possible."  Clearly, it is not "reasonably possible" for the insured to make repairs without receipt of the funds from the insurer.[2]  Indeed, Ceballo and Patrick support this interpretation, given that the insurer in those cases advanced funds making it possible for the repairs to occur.   Lastly, the Court finds that any other result would provide insurers with an incentive not to pay legitimate claims in cases where payment on a replacement cost basis is likely to be more than payment based on an actual cash value.  Thus, the Court denies Defendant's motion for  judgment as a matter of law.

With respect to Defendant's Motion to Alter or Amendment Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Court notes that final judgment has not been entered in this case.  Thus, Defendant can be afforded no relief under Rule 59(e).  However, to the

---

[2] The Court disagrees with Defendant's contention that this finding creates or extends insurance coverage not in the policy (Reply at 8).  To the contrary, the Court finds that coverage exists in the policy.  It is Defendant's actions in breaching the contract that give rise to Plaintiff's ability to avail itself of the replacement cost provision of the policy.  The fact that the policy also provides for actual cash value has no bearing on the Court's interpretation of the policy as to replacement cost in view of Defendant's breach.

extent that Defendant requests that the jury verdict be reduced by the $459,863.00 hurricane deductible, the Court grants the request.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for New Trial on Liability, Motion for Judgment Notwithstanding the Verdict (DE 123) is **denied.**

2) Defendant's Motion to Alter or Amend Judgment (DE 124) is **denied.**

3) Within fifteen days of the date of entry of this Order, the parties shall submit simultaneous briefs regarding the calculation of prejudgment interest. The time period for response briefs shall be ten days. No reply memorandum shall be permitted.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 3rd day of March, 2009.

KENNETH A. MARRA
United States District Judge