UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61038-CIV-MARRA

VANTAGE VIEW, INC.,

Plaintiff,

vs.

QBE INSURANCE CORPORATION,

Defendant.
_____/

**<u>OPINION AND ORDER</u>**[1]

    This cause is before the Court upon the parties' memoranda of law on the issue of prejudgment interest (DE 130, 131, 132 and 133).  The Court has carefully considered the matter and is otherwise fully advised in the premises.

    On March 3, 2009, the Court requested briefing from the parties on the matter of calculating prejudgment interest.  A review of these submissions reveal that the parties agree that Florida's statutory rate of interest should apply in this case.  The parties' disagreement concerns the date upon which the Court should find that prejudgment interest began to accrue.

    Plaintiff argues that the appropriate date is September 1, 2006.  Plaintiff states that the evidence at trial shows that it substantially complied with all of its obligations under the insurance contract by no later than August 1, 2006.  Specifically, it points to evidence that, by August 1, 2006, it made its books and records available to Defendant for inspection, allowed Defendant to inspect its property and provided Defendant with the particulars of its claim.  In

---

[1] Familiarity with the Court's prior Orders is presumed.

contrast, Defendant claims that the proper date is July 17, 2008, which is 20 days after the date Defendant completed the depositions of Andrew Kaplan and Paul Del Vecchio. According to Defendant, these witnesses provided reports at their depositions which established the value of the claim advanced by Plaintiff at trial.

"The general rule about when the prejudgment interest begins to accrue is that interest on a loss payable under an insurance policy is recoverable from the time payment is due under the terms of the policy." Chalfonte Condominium Apartment Assoc., Inc. v. QBE Insurance Corp., 526 F. Supp. 2d 1251, 1261-62 (S.D. Fla. 2007) citing Independent Fire Ins. Co. v. Lugassy, 593 So. 2d 570, 572 (Fla. Dist. Ct. App. 1992); Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Assoc., 117 F.3d 1328, 1341-42 (11th Cir. 1997); Columbia Cas. Co. v. Southern Flapjacks, Inc., 868 F.2d 1217, 1219 (11th Cir. 1989); Warren v. Old Dominion Ins. Co., 465 So. 2d 1376 (Fla. Dist. Ct. App. 1985); Berkshire Mutual Ins. Co. v. Moffett, 378 F.2d 1007 (5th Cir.1967). The policy at issue in the instant case provides as follows:

> The Loss Payment Condition dealing with the number of days within which we must pay for covered loss or damage is replaced by the following:
>
> Provided you have complied with all the terms of this Coverage Part, we will pay for the covered loss or damage:
>
> (1) Within 20 days after we receive the sworn proof of loss and reach written agreement with you; or
>
> (2) Within 30 days after we receive the sworn proof of loss and:
>
>     (a) There is an entry of final judgment; or
>     (b) There is a filing of an appraisal award with us.

Insurance Policy, Pl. Trial Ex. 45, attached to DE 131-2.

There is no dispute that Plaintiff submitted its sworn proof of loss on February 20, 2008.

(DE 130 at 2; DE 131 at 8.) Thus, under the terms of the policy and based on the foregoing precedent, prejudgment interest will be calculated from March 11, 2008.[2]

In making this ruling, the Court rejects the dates submitted by both Plaintiff and Defendant. Plaintiff relies upon Ocean Harbor South Condominium Assoc., Inc. v. Empire Indemnity Ins. Co., No. 05-14235-CIV, 2007 WL 1059577 (S.D. Fla. Apr. 6, 2007), in arguing that the appropriate date is August 1, 2006, the date it asserts it substantially complied with all of its obligations under the insurance contract. That case, however, is inapposite. Ocean Harbor addressed an entirely different situation than the one present here; i.e., the calculation of prejudgment interest when no sworn proof of loss was submitted. In the absence of a sworn proof of loss, Ocean Harbor held that prejudgment interest should be calculated from the date the insurer had all of the information upon which to make an informed decision as to whether to pay the claim. Given that this Plaintiff submitted a sworn proof of loss, Plaintiff's reliance on Ocean Harbor is misplaced.

Defendant's approach is equally untenable. According to Defendant, it is illogical to provide interest from the date of a proof of loss which was "disavowed" at trial. (DE 130 at 3.) The Court disagrees. The jury rejected Defendant's theory that Plaintiff engaged in fraud in preparing and submitting the proof of loss. Moreover, the jury found that Defendant breached

---

[2] The Court recognizes that neither policy provision applies to the situation here; namely, a jury verdict entered subsequent to the receipt of a sworn proof of loss and a failure to pay by the insurer. Although the 30-day provision is arguably more applicable to these facts than the 20-day provision, the Court finds that the 30-day provision benefits Defendant, the party found to have breached the contract. Applying the 30-day provision would result in Defendant not paying prejudgment interest until a date after the entry of final judgment. As such, Defendant would be unjustly enriched and rewarded for not timely paying Plaintiff's claim. Thus, the Court shall apply the provision which requires payment of the claim after 20 days of receipt of a proof of loss and the reaching of a written agreement between the parties.

the insurance contract by not paying the amount due.  To the extent the jury found the proof of loss was inflated, it made adjustments by awarding Plaintiff less than what it sought.  In the end, the jury found that Defendant ought to have paid Plaintiff the amount it found was due.  Thus, the Court must look to the language of the insurance contract in determining when prejudgment interest should begin to accrue.  The Court concludes that under the policy interest should begin to accrue from March 11, 2008.

Based on the foregoing, the Court shall enter judgment on behalf of Plaintiff by separate order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of April, 2009.

_____
KENNETH A. MARRA
United States District Judge