UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61038-CIV-MARRA

VANTAGE VIEW, INC.,

Plaintiff,

vs.

QBE INSURANCE CORPORATION,

Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court upon Plaintiff's Motion for Attorney's Fees and to Tax Costs (DE 141); Plaintiff's Motion for Bill of Costs (DE 142) and Defendant's Request for Oral Argument on its Objections to the Omnibus Report and Recommendations on Fees and Costs (DE 216).

Plaintiff's motions were referred to the Honorable Linnea R. Johnson, United States Magistrate Judge, Southern District of Florida.  A Report and Recommendation, dated May 24, 2010, has been filed, recommending that the District Court grant Plaintiff's motion in the amount of $1,871,779.82 in attorney's fees ($153,980.00 for the Garfinkel law firm and $1,717,799.82 for the law firm of Greenberg Traurig, P.A.) and $81,665.45 in costs, for a total attorney's fee and cost award of $1,953,445.27.  The Magistrate Judge applied a 2.2 contingency fee multiplier to the Greenberg Traurig, P.A. lodestar amount.

The Court has conducted a <u>de novo</u> review of the entire file and record herein, including the objections filed and the responses to the objections.

The Court affirms in part, reverses in part and rejects in part the Report and

Recommendation.  The Court rejects the Magistrate Judge's finding that Vantage View's bad faith claim existed on September 10, 2008 and had a value.  Given that a bad faith claim does not mature until there is a final determination of the insurer's liability and the amount of damages owed by the insurer, the Court rejects the portion of the Report and Recommendation finding that the bad faith claim had a value of $250,000.00 for purposes of determining what the final judgment would have been had it been entered on the date of the settlement offer.  See Vest v. Travelers Ins. Co., 753 So. 2d 1270 (Fla. 2000).  Rejecting this portion of the Report and Recommendation, however, does not alter the ultimate finding by the Magistrate Judge, i.e., that the value of Vantage View's claims and damages as of September 10, 2008 exceeded the amount of QBE's $2,000,000.00 settlement offer.

The Court reverses the portion of the Report and Recommendation which concluded that the proper contingency fee multiplier was 2.2.  As properly noted in the Report and Recommendation, if the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5. (Report and Recommendation at 32 citing Standard Guar. Ins. v. Quanstrom, 555 So. 2d 828 (Fla. 1990).)  The Court finds that success was more likely than not at the outset of counsel for Plaintiff's representation.  In this regard, the Court has the advantage over the Magistrate Judge of having been the presiding judge at the trial, and the further advantage of now having presided over four (4) trials against insurers who have refused to pay damage claims resulting from hurricanes.  As the Eleventh Circuit Court of Appeals recently observed in affirming the underlying judgment entered in this case, "QBE tried the entire case on the theory that Vantage View was guilty of fraud, i.e. that Vantage View had voided QBE's policy obligation because it had allegedly submitted a fraudulent inflated estimate for the

repairs." Vantage View, Inc. V. QBE Insurance Corporation, Case No. 09-12128, 2010 WL 3550030, at * 1 (11th Cir. September 14, 2010) (per curiam). While QBE did attempt to demonstrate that some of the damages were either preexisting and unrelated to the hurricane, there was really no dispute that covered damage did occur and fraud was the true defense.[1]

It was also clear from the evidence that the alleged fraud and failure to comply with the policy provisions were based upon the actions and recommendations of the professions hired by Vantage View, upon whom Vantage View relied. QBE tried to impute the acts of these individuals to Vantage View to avoid paying the insurance claim, despite the fact that there was covered damage caused by a hurricane. In view of the evidence to support this defense, as well as this Court's experience in observing south Florida juries dealing with hurricane related claims against insurers, the Court concludes that the defense strategy was not likely to succeed, and Vantage View was more likely to prevail from the outset of the representation. In short, a south Florida jury was not likely to render a verdict for an insurer against a condominium association that had clearly suffered hurricane related damages because of the alleged misfeasance of the professionals the association retained.

While the Court finds that the wrong multiplier was applied by the Magistrate Judge, for the reasons outlined by the Magistrate Judge in applying a multiplier, the Court finds that a multiplier of 1.25 is appropriate.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1)  United States Magistrate Judge Johnson's Report and Recommendation be, and

---

[1] QBE also asserted that Vantage View had breached the insurance contract and thereby voided any entitlement to payment by failing to have its corporate representative sit for an examination under oath as required by the contract.

3

the same is **AFFIRMED IN PART, REVERSED IN PART AND REJECTED IN PART.**

2) Plaintiff's Motion for Attorney's Fees and to Tax Costs (DE 141) and Plaintiff's Motion for Bill of Costs (DE 142) are **GRANTED** in the amount of $1,130,002.63 in attorney's fees ($153,980.00 for the Garfinkel law firm and $976,022.63 for the law firm of Greenberg Traurig, P.A.) and $81,665.45 in costs, for a total attorney's fees and cost award of $1,211,688.08.

3) Defendant's Request for Oral Argument on its Objections to the Omnibus Report and Recommendations on Fees and Costs (DE 216) is **DENIED.**

4) The Court will separately issue judgment for Plaintiff.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of September, 2010.

_____
KENNETH A. MARRA
United States District Judge